NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1171

NICHOLAS MANGO

vs.

BOARD OF ASSESSORS OF MARBLEHEAD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The appellant, Nicholas Mango, and his wife own a two-story, waterfront condominium unit located in the town of Marblehead (town). The unit has an ocean view, three bedrooms, and two and a half bathrooms. In 2020 and 2021, Mango applied for property tax abatements for the unit because he claimed that it "[could not] be safely occupied," and was "uninhabitable and in dangerous condition." The town's board of assessors (assessors) granted a small abatement for the unit for fiscal year 2020 but denied one for fiscal year 2021. Mango appealed both decisions to the Appellate Tax Board (board). The board ruled in favor of the assessors, finding that Mango failed to meet his burden of proving that the fair cash value of the unit

for the fiscal years at issue was lower than its assessed value. On appeal, Mango maintains that the board's decision is not supported by substantial evidence, its findings are clearly erroneous, and it should have determined that the unit is worth nothing. We affirm the board's decision.

"We accord the board's decision great deference and will not disturb its decision 'if [it] is based on both substantial evidence and a correct application of the law.'" AA Transp. Co. v. Commissioner of Revenue, 454 Mass. 114, 118 (2009), quoting Boston Professional Hockey Ass'n v. Commissioner of Revenue, 443 Mass. 276, 285 (2005). "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" West Beit Olam Cemetery Corp. v. Assessors of Wayland, 89 Mass. App. Ct. 677, 680 (2016), quoting Boston Gas Co. v. Assessors of Boston, 458 Mass. 715, 721 (2011). "When challenging an assessment before the board, the taxpayer bears the burden of establishing its right to an abatement of the assessed tax." Boston Gas. Co., supra, at 717. "[T]he board is entitled to 'presume that the valuation made by the assessors was valid unless the taxpayer[] sustained the burden of proving the contrary.'" General Elec. Co. v. Assessors of Lynn, 393 Mass. 591, 598 (1984), quoting Schlaiker v. Assessors of Great Barrington, 365 Mass. 243, 245 (1974). To meet its burden, the taxpayer must present "persuasive evidence of overvaluation

2

either by exposing flaws or errors in the assessors' method of valuation, or by introducing affirmative evidence of value which undermines the assessors' valuation." General Elec. Co., 393 Mass. at 600, quoting Donlon v. Assessors of Holliston, 389 Mass. 848, 855 (1983).

Mango did not sustain his burden here. Although we are troubled by the condominium trust's prolonged failure to remedy the noncompliant fire escape and water leakage at Mango's unit, we disagree with Mango's assertion that the board ignored those defects. Rather, the board concluded that Mango failed to prove that the defects rendered his unit uninhabitable and that the assessors "credibly and reasonably accounted for deficiencies in the common areas." Notably, the fiscal year 2021 assessment of the unit was less than half of the assessment in fiscal year 2016. Mango's condominium unit was assessed in 2016 at $900,000, but the final assessments for the unit for 2020 and 2021 were $453,3000 and $408,000 respectively. Although Mango offered testimony from a structural engineer that the unit's fire escape was noncompliant, the engineer did not produce evidence that undermined the assessors' valuations. Mango also failed to confirm the presence of mold through reliable evidence, and the town's board of health did not mention mold in its 2015 citation to the condominium trust.

Mango contends that the board erred by concluding that he failed to meet his burden because he offered no evidence of comparable sales. Although comparable sales is not the only method to determine the value of a property, see Benevolent & Protective Order of Elks, Lodge No. 65 v. Lawrence Redev. Auth., 33 Mass. App. Ct. 701, 702 n.2 (1992), citing Correia v. New Bedford Redev. Auth., 375 Mass. 360, 362 (1978), Mango did not offer evidence of the unit's value by any other accepted method. He introduced testimony from a real estate appraiser, who opined that the unit has "zero market value" because it is not habitable, but the appraiser did not provide an appraisal report for the unit and in fact testified that such a report would be speculative or unreliable. Because the appraiser's opinion about the unit's habitability did not amount to "persuasive evidence" of "flaws or errors in the assessors' method of valuation," or "affirmative evidence of value which undermines the assessors' valuation," General Elec. Co., 393 Mass. at 600, quoting Donlon, supra at 855, the board did not err in rejecting it.

Finally, Mango contends that the board improperly relied on statements made by an assistant assessor regarding a purported settlement with the town, but no such settlement was mentioned in the board's decision. Nor did the board err in concluding that Mango failed to prove that his options for obtaining

4

insurance coverage for the unit were exhausted or that the condominium trust did not insure the property; Mango showed only that his ongoing litigation against the trust was not covered by its master insurance policy.  Despite Mango's claim that the unit should be valued at "zero dollars," he did not present persuasive evidence demonstrating the unit had no value or that the assessors' valuations were flawed.  To the extent we have not specifically addressed any of the appellant's arguments, we have considered all of them and see no basis on which to disturb the board's finding.  The decision of the board is affirmed.

<u>So ordered</u>.

By the Court (Neyman, Singh & Toone, JJ.[1]),

Clerk

Entered:  November 15, 2024.

---

[1] The panelists are listed in order of seniority.